IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY RIDDICK, | ) | Case No. 1:20-cv-1000 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| S&P DATA OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

Plaintiff Barry Riddick, *pro se*, has filed alternative motions seeking to stay (ECF Doc. 36) or extend (ECF Doc. 37) the time to file an opposition brief to the defendants' motions for summary judgment. At the heart of both motions is Riddick's belief that he cannot craft an adequate opposition to the defendants' motions unless he is given more time to conduct supplemental discovery. *See generally* ECF Doc. 36; ECF Doc. 37. Thus, the court also liberally construes Riddick's motions to include a motion to reopen discovery. *See Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999) (liberal construction for *pro se* filings). Riddick's motion to reopen discovery and motion for a stay shall be DENIED. And Riddick's motion to extend the time to file an opposition brief (ECF Doc. 37) will be GRANTED.

**I.      Motion to Reopen Discovery**

In his motions, Riddick argues that the defendants failed to comply with this court's order compelling discovery[1] when they provided him with an incorrect citation to a relevant

---

[1] On April 16, 2021, this court GRANTED in part Riddick's motion to compel discovery. Defendants were ordered to disclose, among other things, information regarding "any age or gender discrimination

discrimination claim brought against defendant S&P Data Ohio, LLC ("S&P"). ECF Doc. 36 at 3-4. Riddick also asserts that he was only recently able to identify "relevant comparator" Latasha Wilford in the defendants' May 17, 2021 discovery responses and indicates that he would like to conduct supplemental discovery concerning her and other individuals who were involved in the disclosed age and discrimination lawsuits filed against S&P. ECF Doc. 36 at 3. Riddick contends that this information is necessary for his opposition brief. ECF Doc. 36 at 2; ECF Doc. 36-4 at 2.

Defendants argue in their reply brief that Riddick's motions, in essence, amount to "nothing more than an attempt to turn back time" so that Riddick can request things that he failed to discover during the initial discovery period. ECF Doc. 38 at 1. S&P concedes that it initially provided Riddick with the incorrect citation to *Reante Brown v. S&P Data Ohio LLC*, Cuy. Cty. Comm. Pl. Case No. CV-18-897256, in its May 17, 2021 supplemental response, but that error was corrected in a June 4, 2021, e-mail.[2] ECF Doc. 38 at 5; *see also* ECF Doc. 36-1; ECF Doc. 38-5 at 1. S&P asserts that it is too late to reopen discovery because the defendants have already filed their motions for summary judgment and that Riddick wasn't diligent in conducting discovery because he didn't request Wilford's name until April 27, 2021. ECF Doc. 38 at 5, 8, 13-14.

Courts may consider five factors when deciding whether to reopen or discovery: (1) when plaintiff learned of the issue that is the subject of discovery; (2) how reopening discovery would affect the ruling at issue; (3) the length of the previous discovery period; (4) whether plaintiff was dilatory; and (5) whether defendant was responsive to prior discovery requests. *Lee v.*

---

claims brought against S&P Data from October 2017 through October 2019, regardless of what decision-maker was involved." ECF Doc. 28 at 21.

[2] The defendants erroneously told Riddick that the case number was CV-18-8972*65*, instead of CV-18-8972*56*.

2

*Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 444-45 (6th Cir.2011) (*citing Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir.2006)).[3]

Riddick has failed to show that the court should exercise its discretion to reopen discovery at this time. Initial disclosures were made in this case on October 16, 2020, a full seven months prior to the original close of discovery.[4] ECF Doc. 38 at 6. Riddick was, or should have been, aware of the information he needed to support his claims. In fact, he discussed many of the very things he now seeks to discover in both his original and amended complaints. *See generally* ECF Doc. 1; ECF Doc. 21. Although the defendants made an error in complying with the court's motion to compel, they quickly rectified that error by providing Riddick with the correct information. ECF Doc. 38-5 at 1. And Riddick's desire to seek in discovery the demographic data for individuals involved in the disclosed cases against S&P is unavailing because such information is available in the public records for the disclosed cases. *See*, *e.g.*, Docket for *Reante Brown v. S&P Data Ohio LLC*, Cuy. Cty. Comm. Pl. Case No. CV-18-897256. And courts have long recognized that there is no obligation during discovery to produce documents in the public record that are equally available to both parties. *See Evans v. Bd. of Educ. Sw. City Sch. Dist.*, No. 2:08-cv-794, 2010 U.S. Dist. LEXIS 54065, at *6-7 (S.D. Ohio Apr. 29, 2010) (*citing Tdata Inc. v. Aircraft Tech. Publrs.,* No. 2:04-CV-1072, 2007 U.S. Dist. Lexis 8880, *6-7 (S.D. Ohio Feb. 05, 2007)).

---

[3] Defendants' reply argues that additional discovery will not make a difference in the outcome of their motions for summary judgement. ECF Doc. 38 at 9-12. Although impact on the ruling at issue is listed as one of the factors that courts may consider when reopening discovery, it is not necessary to consider in this case, and nothing in this order should be interpreted as determining the merits of defendants' motions for summary judgement.

[4] Riddick notes that the case management conference set the deadline for filing dispositive motions for August 28, 2021. ECF Doc. 20 at 2. This court's April 16, 2021 order set the new date for May 31, 2021. ECF Doc. 28 at 20. Even if this court were to move the deadline back to August 28, that wouldn't relieve Riddick of the requirement to file a brief opposing defendants' dispositive motions within the 30-day period prescribed by Fed. R. Civ. P. 56(b).

Accordingly, Riddick's construed motion to reopen discovery must be DENIED. And because the court has declined to reopen discovery, Riddick's motion to stay this case while he conducts supplemental discovery must also be DENIED. *See Guyan Int'l, Inc. v. Prof'l Benefits Adm'rs, Inc.*, No. 5:10 CV 823, 2011 U.S. Dist. LEXIS 49998, at *22 (N.D. Ohio May 10, 2011) (stay for supplemental discovery denied when both parties already had an adequate opportunity to conduct discovery related to the issues presented in the motions for summary judgement).

## II. Motion for an Extension of Time to File a Response

Pursuant to Fed. R. Civ. P. 6(b), a district court may, at its discretion, grant an extension of time to file a response to a motion for summary judgment. Riddick argues because he did not receive the correct citations to a case that he feels is relevant to his discrimination and hostile work environment claims, he was unable to respond to the motions. ECF Doc. 37 at 6. Although S&P has shown that they sent Riddick an e-mail to correct their mistake, the court will give Riddick the benefit of the doubt and assume that the correction e-mail might have passed him like a ship in the night.

Because of the potential miscommunication, the court will GRANT Riddick's motion to extend the time to file an opposition to the defendants' motions for summary judgment.

## III. Summary

Accordingly, Riddick's construed motion to reopen discovery and motion to stay this case (ECF Doc. 36) are DENIED. Riddick's motion to extend the time to file an opposition brief to the defendants' motions for summary judgment (ECF Doc. 37) is GRANTED. The new deadline to file an opposition is Friday, July 30, 2021.

**IT IS SO ORDERED.**

Dated: July 12, 2021

Thomas M. Parker
United States Magistrate Judge