UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BARRY RIDDICK, | ) | CASE NO. 1:20-CV-1000 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| S&P DATA OHIO, LLC, et. al., | ) |  |
|  | ) | ORDER ADOPTING REPORT |
| Defendant. | ) | AND RECOMMENDATION |
|  | ) |  |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. Plaintiff, Barry Riddick ("Mr. Riddick"), filed a complaint, *pro se*, seeking relief under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000d; 42 U.S.C. § 1983; and Ohio state law. (ECF #1). Mr. Riddick alleges: (1) that he was subject to a hostile work environment during his employment at S&P Data Ohio, LLC ("S&P Data"), (2) that he was unlawfully terminated based on his age and gender, and (3) that S&P Data and Defendants Joy Gadberry and William Pipkins committed civil conspiracy. (ECF #1). The Defendants moved for summary judgment on all of Mr. Riddick's claims. (ECF #31; ECF #32). Before Magistrate Judge Parker was also Mr. Riddick's motion to hold Defendants Ms. Gadberry and Mr. Pipkins in contempt for making allegedly perjurious statements in their declarations in support of both motions for summary judgment and other filings, and a motion for expedited hearings on his motion to reopen discovery and his contempt motion. (ECF #41; ECF #43).

On December 22, 2021, Magistrate Judge Parker issued a Report and Recommendation. (ECF #57). With respect to Mr. Riddick's motion for contempt, Magistrate Parker analyzed Mr.

Riddick's motion as a motion to strike Ms. Gadberry and Mr. Pipkins' declarations because Mr. Riddick's motion sought to impose sanctions and was not explicitly based on the violation of a court order. Fed. R. Civ. P. 56(h). Further, Magistrate Parker found that Ms. Gadberry and Mr. Pipkin's conduct was not rare and egregious and did not warrant sanctions. Accordingly, he DENIED Mr. Riddick's motion to hold Ms. Gadberry and Mr. Pipkins in contempt. Magistrate Judge Parker also determined that a hearing was not necessary to resolve the contempt allegations and denied Mr. Riddick's motion for expedited hearings.

Magistrate Judge Parker carefully considered Mr. Riddick's claims under Title VII and the ADEA and determined that as there is no individual liability under Title VII or the ADEA and because under Ohio law, individual supervisors and managers can only be held accountable for their own discriminatory conduct and no evidence of such conduct was offered, Ms. Gadberry and Mr. Pipkins were entitled to summary judgment as a matter of law. Therefore, he recommended that Ms. Gadberry and Mr. Pipkin's Motion for Summary Judgment on these claims be GRANTED.

The Magistrate Judge also found that Mr. Riddick failed to make the required showing for his hostile work environment claim and did not establish a *prima facie* case of discrimination under the ADEA and Title VII. Therefore, he recommended that S&P Data's and Ms. Gadberry and Mr. Pipkin's Motions for Summary Judgment be GRANTED on the hostile work environment and age and gender discrimination claims.

S&P Data, Ms. Gadberry, and Mr. Pipkins contend that they are entitled to summary judgment on Mr. Riddick's civil conspiracy claims. The Magistrate Judge found that the alleged conspiracy did not rest on an underlying tort or unlawful action as required by Ohio law and federal law respectfully. As a result, he recommended that S&P Data's and Ms. Gadberry and Mr. Pipkin's Motions for Summary Judgement be GRANTED on the civil conspiracy claims.

As to Mr. Riddick's first objection, Magistrate Judge Parker found Ms. Gadberry and Mr. Pipkins use of the word "may" concessionary, that it could not be characterized as blatant falsehood, and that Mr. Riddick did not offer any evidence to support that the omission of Mr. Moore's name from Ms. Gadberry and Mr. Pipkins' initial disclosures was done in bad faith. (ECF # 57). As to Mr. Riddick's second objection, Magistrate Judge Parker had previously considered whether Mr. Riddick was entitled to further discovery on Mr. Riddick's Motion to Compel and Motion to Stay. (ECF #23, ECF #36).

On July 12, 2021, Magistrate Judge Parker denied Mr. Riddick's motion to reopen discovery and motion to stay because Mr. Riddick already had an adequate opportunity to conduct discovery related to the issues presented in the motions for summary judgment. (ECF #39); *See Guyan Int'l, Inc.v. Prof'l Benefits Adm'rs, Inc.*, 2011 U.S. Dist. Lexis 49998, at *22 (N.D. Ohio May 10, 2011). On July 26, 2021, Mr. Riddick filed objections to this order pursuant to Federal Rules of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1). (ECF # 46). Mr. Riddick objected to the order on the grounds that: (1) it was premature because it did not consider Mr. Riddick's July 13, 2021 reply, which was timely; (2) Mr. Riddick has been requesting the audio recordings of all agents' calls since his initial Rule 34, Request for Production of Documents (ECF # 14); (3) Mr. Riddick properly directed his request for audio for Latasha Wilford, who Mr. Riddick alleges is similarly situated in all regards except sex, since his February 26, 2021 email; and (4) all five of the factors courts consider when determining whether to reopen discovery weigh in Mr. Riddick's favor. (ECF #46). Mr. Riddick requested this Court set aside Magistrate Judge Parker's Order. (ECF #46).

In his objections to the July 12, 2021 order, Mr. Riddick states that de novo review is required under Federal Rules of Civil Procedure 72(b)(3); however, because his motion to reopen discovery and his motion to stay are not dispositive of a party's claim or defense, the Court may

only modify or set aside Magistrate Judge Parker's order if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *See KCI United States, Inc. v. Healthcare Essentials, Inc.*, 2015 U.S. Dist. Lexis 195075, at *17 (N.D. Ohio May 1, 2015) (stating that orders addressing discovery disputes are rulings on nondispositive matters). Under this standard, a district court should review findings of fact for clear error and review matters of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citing *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). A factual finding is erroneous when the reviewing court is left with the "firm conviction that a mistake has been committed" and an order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." 940 F.3d at 219 (quoting *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948); *United States v. Winsper*, 2013 U.S. Dist. Lexis 149433, at *1 (W.D. Ky. Oct. 17, 2013)). Magistrate Judge Parker has not made any erroneous factual findings, nor has he failed to correctly apply the law. As a result, the order denying Mr. Riddick's motion to reopen discovery and motion to stay is sustained.

The Court has carefully reviewed the Report and Recommendation, Mr. Riddick's objections, and the Defendants' response. Magistrate Judge Parker has correctly addressed all objections raised by Mr. Riddick. Mr. Riddick's objections are OVERRULED. The Report and Recommendation of Magistrate Judge Thomas M. Parker (ECF #57) is ADOPTED. S&P Data's Motion for Summary Judgment is GRANTED. Joy Gadberry and William Pipkin's Motion for Summary Judgment is GRANTED. The claims against "John Doe," Miquel Snyder, David Walker and Alex Moore are DISMISSED without prejudice.

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

DATED: February 23, 2022